IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TOMMY L. FENLEY, *on behalf of himself and on behalf of all persons similarly situated*,<br><br>        Plaintiff<br><br>   *v.*<br><br>WOOD GROUP MUSTANG, INC.<br><br>        Defendant | Case No. 2:15-cv-326<br><br>CIVIL ACTION<br>COLLECTIVE AND CLASS ACTION<br><br><br>**COMPLAINT**<br>**WITH JURY DEMAND** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Tommy L. Fenley ("Plaintiff"), through counsel, on behalf of himself and on behalf of all persons similarly situated, brings this Complaint against Defendant Wood Group Mustang, Inc. ("Defendant" or "Wood Group"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and Ohio law.

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this District, Defendant conducts business in this District, and Defendant is incorporated in the State of Ohio.

## PARTIES

4. Plaintiff Tommy L. Fenley ("Plaintiff") was employed by Defendant as a Welding Inspector in Cambridge, Ohio, between approximately October 2013 and April 2014, and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action. *See* Exhibit A.

5. Defendant Wood Group Mustang, Inc. ("Defendant" or "Wood Group"), is a subsidiary of Wood Group, PLC, which is a publicly-traded corporation operating throughout the United States, including in this District. Wood Group is incorporated in Ohio and maintains its corporate headquarters in Houston, Texas.

6. Wood Group is an international energy services company that employs over 8,000 people worldwide. *See* Exhibit B.[1] Wood Group's operations and services include, without limitation "project management, construction management, engineering and procurement services to the offshore, onshore, oil sands, pipeline, refining, chemicals, industrial and automation sectors." *See* Ex. B.

7. Wood Group employed Plaintiff and continues to employ similarly-situated employees.

8. Wood Group employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9. Wood Group's annual gross volume of business exceeds $500,000.

10. Wood Group is not an independently-owned and -controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

---

[1] http://www.mustangeng.com/NewsandIndustryEvents/Publications/Publications/Corporate%20Overview.pdf

## CLASS DEFINITIONS

11.     Plaintiff brings this lawsuit for Count I pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of potential opt-in litigants:

> All current or former employees of Wood Group Mustang, Inc. ("Wood Group"), who performed work for Wood Group in the United States at any time between January 26, 2012, and the present, who were paid pursuant to a daily rate compensation system (the "FLSA Class").

12.     Plaintiff brings this lawsuit for Counts II, III, and IV as a class action pursuant to FED. R. CIV. P. 23, on behalf of himself and the following class:

> All current or former employees of Wood Group Mustang, Inc. ("Wood Group") who performed work for Wood Group in Ohio at any time between January 26, 2011, and the present, who were paid pursuant to a daily rate compensation system (the "Ohio Class").[2]

13.     The FLSA Class and the Ohio Class are together referred to as the "Classes."

14.     Plaintiff reserves the right to redefine the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

15.     Wood Group employs members of the Classes throughout the United States.

16.     From October 2013 through April 2014, Plaintiff was employed as a non-exempt Welding Inspector with Wood Group, performing and reviewing welding inspections on gas pipelines.

17.     Wood Group employed Plaintiff on a pipeline that stretched for approximately 20 miles in and around Cambridge, Ohio.

18.     Plaintiff reviewed and aided colleagues in performing routine inspections of newly-laid pipes.  Plaintiff observed other members of the Classes performing the same or substantially-similar job duties.

---

[2] The statute of limitations on Plaintiff's unjust enrichment claim is four years.  Therefore, employees may be members of the Ohio Class if they were employed on or after January 26, 2011, for at least one of the Claims alleged on behalf of the Ohio Class.

19. Plaintiff's work required the utilization of techniques and procedure obtained primarily from industry manuals, standards, and codes. *See* 29 C.F.R. § 541.203(g). Plaintiff observed other members of the Classes utilizing similar techniques and procedures in the performance of their jobs.

20. Plaintiff had little leeway in the performance of his job and worked within the closely-prescribed limits provided by Wood Group. *See* 29 C.F.R. § 541.203(g). Plaintiff observed other members of the Classes working in the same or substantially-similar manner.

21. Wood Group has a policy or practice of failing to compensate Plaintiff and the Classes for all overtime hours worked.

22. Wood Group paid Plaintiff and the Classes pursuant to its daily rate compensation system that did not take into account the hours worked in a workweek or overtime hours. *See* Exhibit C (examples of Plaintiff's paystubs dated November 1, 2013, January 10, 2014, and April 25, 2014).[3]

23. Wood Group did not pay Plaintiff or the Classes a salary in addition to their daily rate compensation. *See* Ex. C.

24. Wood Group does not maintain accurate records of the hours that Plaintiff and the Classes worked each workday and the total number of hours worked each workweek as required by the FLSA, *see* 29 C.F.R. § 516.2(a)(7), and Ohio law, *see* Section 34a, Article II of the Ohio Constitution ("Section 34a"), and R.C. 4111.14.

25. Plaintiff routinely worked up to seven days per week and more than ten hours per day. Plaintiff observed that the members of the Classes routinely worked similar schedules.

26. Wood Group did not pay Plaintiff and the Classes any compensation for hours worked over 40 per workweek.

27. Wood Group has acted willfully and with reckless disregard of clearly-applicable FLSA and state law provisions by failing to compensate Plaintiff and the Classes for hours

---

[3] The "Hours" section of Plaintiff's paystubs tracks days worked each workweek, not hours worked each workday.

4

worked in excess of 40 during the workweek.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

29. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

30. Plaintiff and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Wood Group's previously described common pay practices and, as a result of such practices, were not paid the full and legally-mandated overtime premium for hours worked over 40 during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Wood Group's common compensation, timekeeping and payroll practices.

31. Specifically, Wood Group paid Plaintiff and the FLSA Class a set amount of pay per day, regardless of the number of hours worked, and failed to pay overtime as required by law.

32. The similarly-situated employees are known to Wood Group, are readily identifiable, and may be located through Wood Group's records and the records of any payroll companies that Wood Group utilizes. Wood Group employs many FLSA Class Members throughout the United States. These similarly-situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of himself and the Ohio Class defined above.

34. The members of the Ohio Class are so numerous that joinder of all members is

impracticable. Upon information and belief, there are more than 40 members of the Ohio Class.

35. Plaintiff will fairly and adequately represent and protect the interests of the Ohio Class because there is no conflict between the claims of Plaintiff and those of the Ohio Class, and Plaintiff's claims are typical of the claims of the Ohio Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

36. There are questions of law and fact common to the proposed Ohio Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Wood Group has violated and continues to violate Ohio law through its policy or practice of not paying its day rate employees overtime compensation.

37. Plaintiff's claims are typical of the claims of the Ohio Class in the following ways, without limitation: (a) Plaintiff is a member of the Ohio Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Ohio Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Ohio Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Ohio Class members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Ohio Class members.

38. Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Ohio Class predominate over any questions affecting only individual Class members.

39. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Ohio Class is readily identifiable from

Wood Group's own employment records. Prosecution of separate actions by individual members of the Ohio Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Wood Group.

40. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Ohio Class members, while substantial, are not great enough to enable them to maintain separate suits against Wood Group.

41. Without a class action, Wood Group will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Ohio Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I

## VIOLATION OF THE FLSA

### On Behalf of the FLSA Class

42. All previous paragraphs are incorporated as though fully set forth herein.

43. The FLSA requires that covered employees be compensated for all hours worked in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

44. The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of 40 in the workweek. *See* 29 C.F.R. § 778.112.

45. Wood Group's compensation scheme applicable to Plaintiff and the FLSA Class failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

46. Wood Group knowingly failed to compensate Plaintiff and the FLSA Class at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

47. During all relevant times, Plaintiff and the FLSA Class were covered employees entitled to the above-described FLSA protections.

48. In violating the FLSA, Wood Group acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II

## VIOLATION OF THE OHIO MINIMUM WAGE ACT

### On Behalf of the Ohio Class

49. All previous paragraphs are incorporated as though fully set forth herein.

50. Overtime compensation due to Ohio workers is governed by R.C. 4111.03(A).

51. ORC requires that non-resident employees be compensated for all hours worked in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* R.C. 4111.03(A).

52. Wood Group willfully failed to pay Plaintiff and the Ohio Class overtime wages at a rate of one and one-half times their regular rate of pay to which they are entitled under R.C. 4111.03(A).

53. By virtue of Wood Group's failure to pay Plaintiff and the Ohio Class members the legally-required overtime wages for all hours worked in excess of 40 hours per week, Wood Group willfully violated R.C. 4111.03(A).

54. Pursuant to R.C. 4111.10(A), employers, such as Wood Group, who intentionally fail to pay an employee wages in conformance with the ORC shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

55. As a result of Wood Group's willful violations of Ohio law, Plaintiff and the Ohio Class are entitled to recover from Wood Group their unpaid overtime wages together with the costs of suit.

## COUNT III

### RECORD-KEEPING VIOLATION UNDER OHIO LAW

### On Behalf of the Ohio Class

56. All previous paragraphs are incorporated as though fully set forth herein.

57. Defendant failed to maintain records of the Ohio Class Members' hours worked for each day worked.

58. Defendant's failure to maintain such records violations Section 34a and entitle Plaintiff and Ohio Class Members the remedies provided by that Section as well as R.C. 4111.14.

## COUNT IV

### UNJUST ENRICHMENT

### On Behalf of the Ohio Class

59. All previous paragraphs are incorporated as though fully set forth herein.

60. Wood Group has received and benefited from the uncompensated labors of Plaintiff and the Ohio Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

61. At all relevant times hereto, Wood Group devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the Ohio Class without paying overtime compensation for all hours worked.

62. Contrary to all good faith and fair dealing, Wood Group induced Plaintiff and the Ohio Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

63. By reason of having secured the work and efforts of Plaintiff and the Ohio Class without paying overtime compensation as required by law, Wood Group enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Ohio Class. Wood Group retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and

good conscience.

64. Accordingly, Plaintiff and the Ohio Class are entitled to judgment in an amount equal to the benefits unjustly retained by Wood Group.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly-situated, seeks the following relief:

A. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

C. An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Ohio Class;

D. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

E. Liquidated damages to the fullest extent permitted under the law;

F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G. Such other and further relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury for all issues of fact.

                      Respectfully submitted,

                      s/ *Jack Landskroner*

                      Jack Landskroner (0059227)
                      Drew Legando (0084209)
                      **LANDSKRONER GRIECO MERRIMAN LLC**
                      1360 West 9th Street, Suite 200
                      Cleveland, Ohio 44113
                      T. (216) 522-9000
                      F. (216) 522-9007
                      E. jack@lgmlegal.com, drew@lgmlegal.com

        Shannon J. Carson, Esq.
        Sarah R. Shalman-Bergen, Esq.
        Alexandra L. Koropey, Esq.
        **BERGER & MONTAGUE, P.C.**
        1622 Locust Street
        Philadelphia, Pennsylvania 19103
        T. (215) 875-3000
        F. (215) 875-4604
        E. scarson@bm.net, sschalman-bergen@bm.net,
          akoroppey@bm.net

        *Counsel for Plaintiff*