IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TOMMY L. FENLEY, on behalf of himself and on behalf of all persons similarly situated,**<br><br>Plaintiff,<br><br>V.<br><br>**WOOD GROUP MUSTANG, INC.,**<br><br>Defendant. | **CASE NO. 2:15-cv-326**<br><br>**JUDGE GEORGE C. SMITH**<br><br>**MAGISTRATE JUDGE NORAH MCANN KING** |

### DEFENDANT WOOD GROUP MUSTANG, INC.'S ANSWER AND DEFENSES TO THE CLASS AND COLLECTIVE ACTION COMPLAINT

NOW COMES Defendant, Wood Group Mustang, Inc., and, through undersigned counsel, answers Plaintiff's Original Complaint.

### ANSWER AND FIRST DEFENSE

Defendant admits that Tommy L. Fenley ("Plaintiff") has filed a lawsuit alleging violations of the Fair Labor Standards Act ("FLSA") and Ohio law. To the extent that the first, unnumbered paragraph of the Complaint makes factual allegations, Defendant denies the substance of such allegations and that Plaintiff is entitled to bring this action as a representative action. Defendant further denies that Plaintiff is entitled to the requested relief

1. Paragraph 1 of the Complaint contains conclusions of law that Defendant is not required to admit or deny; nonetheless, Defendant denies the same. To the extent that a response is required, Defendant denies the substance of the allegations of Paragraph 1 of Plaintiff's Complaint and that Plaintiff is entitled to bring this action as a representative action.

2. Paragraph 2 of the Complaint contains conclusions of law that Defendant is not required to admit or deny; nonetheless, Defendant denies the same.

3. Paragraph 3 of the Complaint contains conclusions of law that Defendant is not required to admit or deny; nonetheless, Defendant denies the same.  Defendant denies the factual allegations of Paragraph 3 of Plaintiff's Complaint to the extent that they seek to establish liability under the FLSA, Ohio law, or any other statute.  Defendant admits that it conducts business in the geographical area that encompasses the Court's District.  Defendant denies that it is incorporated under the laws of Ohio.

4. Defendant admits that Plaintiff was employed by Defendant between October 1, 2013 and April 30, 2014.  Defendant admits that Exhibit A to the Complaint purports to be a consent signed by Plaintiff.  Defendant denies that Plaintiff is entitled to bring this action as a representative action.

5. Defendant admits that it is an indirect, wholly owned subsidiary of John Wood Group PLC.  John Wood Group PLC is a publicly traded company listed on the London Stock Exchange with corporate headquarters in Aberdeen, United Kingdom (Scotland).  Defendant denies that it, or John Wood Group PLC is incorporated under the laws of Ohio.  Defendant denies that John Wood Group PLC has operations throughout the United States or in the Court's District.  Defendant admits that its corporate headquarters are located in Houston, Texas.  Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that it employed Plaintiff. Defendant denies that other employees are similarly-situated to Plaintiff and that Plaintiff is entitled to bring this action as a representative action.

8. Paragraph 8 of the Complaint contains conclusions of law that Defendant is not required to admit or deny.

9. Defendant admits the allegation contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains conclusions of law that Defendant is not required to admit or deny.

11. Defendant admits that Plaintiff's Complaint alleges violations of the FLSA, however, Defendant denies that Plaintiff is entitled to bring this action as a representative action. Defendant denies all other allegations in Paragraph 11 of the Complaint. Defendant specifically denies the existence of the identified classes and avers that such classes are not appropriate.

12. Defendant admits that Plaintiff's Complaint alleges violations of Ohio law, however, Defendant denies that Plaintiff is entitled to bring this action as a representative action. Defendant denies the remaining allegations, including those contained within footnote 2 of Plaintiff's Complaint. Defendant specifically denies the existence of the identified classes and avers that such classes are not appropriate. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant denies that Plaintiff is entitled to bring this action as a representative action. Defendant admits that Plaintiff refers to the putative classes as the "Classes" in his Complaint but specifically denies the existence of the identified classes and avers that such classes are not appropriate. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant denies that Plaintiff is entitled to bring this action as a representative action and specifically reserves its right to challenge any attempt by Plaintiff to certify this action, conditionally or otherwise, as a representative action. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15. Defendant denies that Plaintiff is entitled to bring this action as a representative action and denies that he is similarly-situated to the putative class. Defendant specifically denies the existence of the identified classes and avers that such classes are not appropriate. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff was employed as a Senior Welding Inspector, between October 1, 2013 and April 30, 2014. Defendant admits that Plaintiff would inspect welding performed on gas pipelines and review other inspections performed on such welding. Defendant denies that Plaintiff's job duties were limited to such duties. Defendant further denies the remaining allegations in Paragraph 16 of Plaintiff's Complaint and avers that Plaintiff was exempt from the overtime provisions of the FLSA and Ohio law.

17. Defendant admits that Plaintiff's assignments as Senior Welding Inspector involved a pipeline located in and around Cambridge, Ohio. Defendant denies the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant admits that Plaintiff supervised other personnel as part of his duties as Senior Welding Inspector. Defendant denies the existence of a class or that collective or class certification is appropriate and denies the remaining allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint. Defendant specifically denies the existence of the identified classes and avers that such classes are not appropriate.

22. Defendant denies the allegations in Paragraph 22 of the Complaint. Defendant further denies that Plaintiff is entitled to bring this action as a representative action.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint. Defendant further denies that Plaintiff is entitled to bring this action as a representative action.

24. Paragraph 24 of the Complaint contains conclusions of law that Defendant is not required to admit or deny; nonetheless, Defendant denies the same. Defendant further denies that Plaintiff is entitled to bring this action as a representative action. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint. Defendant further denies that Plaintiff is entitled to bring this action as a representative action.

26. Defendant denies the allegations in Paragraph 26 of the Complaint. Defendant further denies that Plaintiff is entitled to bring this action as a representative action.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits that Plaintiff seeks to bring this action as a representative one and alleges violations of the FLSA, but Defendant denies any liability under the FLSA or other statute. Defendant further denies that Plaintiff is entitled to bring this action as a representative action.

29. Defendant admits that Plaintiff purports to bring this action as a representative one and alleges violations of the FLSA, but Defendant denies any liability under the FLSA or

other statute.  Defendant further denies that Plaintiff is entitled to bring this action as a representative action.  Defendant lacks sufficient knowledge to admit or deny the remaining allegations regarding Plaintiff's "desires" and, therefore, denies the same.

30.     Paragraph 30 of the Complaint contains conclusions of law that Defendant is not required to admit or deny; nonetheless, Defendant denies the same.  Defendant further denies that Plaintiff is similarly-situated to the putative classes.  Defendant specifically denies the existence of the putative classes and avers that such classes are not appropriate.  Defendant denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint contains conclusions of law that Defendant is not required to admit or deny; nonetheless, Defendant denies the same.  Defendant denies the existence of a class or that collective or class certification is appropriate and denies the remaining allegations in Paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint contains conclusions of law that Defendant is not required to admit or deny; nonetheless, Defendant denies the same.  Defendant further denies that Plaintiff is similarly-situated to the putative classes.  Defendant specifically denies the existence of the putative classes and avers that such classes are not appropriate.  Defendant denies the remaining allegations in Paragraph 32 of the Complaint.

33.     Defendant admits that Plaintiff purports to bring this action as a representative one alleging violations of Ohio law, but Defendant denies any liability under Ohio law or other statute.  Defendant further denies that Plaintiff is entitled to bring this action as a representative action.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint. Defendant specifically denies the existence of the putative classes and avers that such classes are not appropriate.

35. Paragraph 35 of the Complaint contains conclusions of law that Defendant is not required to admit or deny; nonetheless, Defendant denies the same. Defendant further denies that Plaintiff is similarly-situated to the putative classes. Defendant specifically denies the existence of the putative classes and avers that such classes are not appropriate. Defendant lacks sufficient knowledge to admit or deny Plaintiff's counsel's competency and experience, and therefore, denies same. Defendant denies the remaining allegations in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint contains conclusions of law that Defendant is not required to admit or deny; nonetheless, Defendant denies the same. Defendant further denies that Plaintiff is similarly-situated to the putative classes. Defendant specifically denies the existence of the putative classes and avers that such classes are not appropriate. Defendant denies the remaining allegations in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains conclusions of law that Defendant is not required to admit or deny; nonetheless, Defendant denies the same. Defendant further denies that Plaintiff is similarly-situated to the putative classes. Defendant specifically denies the existence of the putative classes and avers that such classes are not appropriate. Defendant denies the remaining allegations in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains conclusions of law that Defendant is not required to admit or deny; nonetheless, Defendant denies the same. Defendant specifically

denies the existence of the putative classes and avers that such classes are not appropriate. Defendant denies the remaining allegations contained in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains conclusions of law that Defendant is not required to admit or deny; nonetheless, Defendant denies the same. Defendant specifically denies the existence of the putative classes and avers that such classes are not appropriate. Defendant denies the remaining allegations in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains conclusions of law that Defendant is not required to admit or deny; nonetheless, Defendant denies the same. Defendant specifically denies the existence of the putative classes and avers that such classes are not appropriate. Defendant denies the remaining allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint and further denies any liability under the FLSA or other statute. Defendant specifically denies the existence of the putative classes and avers that such classes are not appropriate.

42. Defendant incorporates by reference all responses and denials found in the preceding Paragraphs as if fully set forth herein.

43. Paragraph 43 of the Complaint contains conclusions of law that Defendant is not required to admit or deny. Defendant denies any liability under the FLSA or other statute.

44. Paragraph 44 of the Complaint contains conclusions of law that Defendant is not required to admit or deny. Defendant denies any liability under the FLSA or other statute.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint. Defendant specifically denies the existence of the putative classes and avers that such classes are not appropriate.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant incorporates by reference all responses and denials found in the preceding Paragraphs as if fully set forth herein.

50. Paragraph 50 of the Complaint contains conclusions of law that Defendant is not required to admit or deny. Defendant denies any liability under Ohio law or other statute.

51. Paragraph 51 of the Complaint contains conclusions of law that Defendant is not required to admit or deny. Defendant denies any liability under Ohio law or other statute.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint. Defendant specifically denies the existence of the putative classes and avers that such classes are not appropriate.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint. Defendant specifically denies the existence of the putative classes and avers that such classes are not appropriate.

54. Paragraph 54 of the Complaint contains conclusions of law that Defendant is not required to admit or deny; nevertheless, Defendant denies the same. Defendant specifically denies the existence of the putative classes and avers that such classes are not appropriate. Defendant further denies any liability under Ohio law or other statute.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint. Defendant specifically denies the existence of the putative classes and avers that such classes are not appropriate.

56. Defendant incorporates by reference all responses and denials found in the preceding Paragraphs as if fully set forth herein.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint to the extent that Plaintiff alleges a violation of Ohio law with respect to the manner in which it kept records for Plaintiff.  Defendant specifically denies the existence of the putative classes, avers that such classes are not appropriate, and that Plaintiff is entitled to bring this action as a representative action.  Defendant denies the remaining allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant incorporates by reference all responses and denials found in the preceding Paragraphs as if fully set forth herein.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies that Plaintiff is entitled to the relief sought in the "prayer for relief," including sub-parts "A." through "G."

66. Defendant denies any allegations in Plaintiff's Complaint not specifically admitted in this Answer to Plaintiff's Complaint.

## ADDITIONAL DEFENSES

Continuing with its Answer, the Defendant next asserts the following affirmative or other defenses:

1.	Plaintiff and some or all of the putative class have failed to state a claim upon which relief can be granted.

2.	Some or all of the activities that Plaintiff alleges are compensable are not compensable activities under the applicable law, including but not limited to the Portal-to-Portal Act and Ohio law. Alternatively, any claim regarding hours worked is subject to reduction to comply with the Portal-to-Portal Act.

3.	Plaintiff and the putative class have suffered no damages; in the alternative, their damages are subject to, or barred by, estoppel, misrepresentation, and unclean hands, and the Plaintiff is entitled to only one satisfaction for any allegedly unlawful action or omission.

4.	The Defendant made reasonable, good-faith efforts to comply with, and not violate, the FLSA and state law; any alleged violations of law were not willful; the Defendant followed common industry practice and acted in good faith, with reasonable grounds for believing that its actions or inactions or omissions were not in violation of the FLSA or state law; and any complained-of act or omission was in good-faith conformity with and in reliance on applicable law, administrative regulations, orders, interpretations and/or administrative practice or policy enforcement pursuant to 29 U.S.C. §§ 258, 259, or other applicable authority.

5.	This action should not be certified (conditionally, permanently or otherwise) or maintained as a collective action or class action. Plaintiff's attempt to pursue this case as a collective action fails because an independent and individual analysis of Plaintiff's claims and those of each putative collective action member and each of Defendant's defenses is required.

6.	The Complaint fails, to the extent it asserts a representative action, because a representative action would lack control and manageability.

7. No part of this action may properly be maintained as a collective and/or class action; and, insofar as the same is intended to be maintained as a collective and/or class action, this action should be dismissed for, among other reasons, the disparate opt-in and opt-out procedures under the FLSA and Federal Rule of Civil Procedure 23, as well as for reasons relating to lack of manageability; and, Fed R. Civ. P. 23(b)(3) class actions cannot be brought with respect to either FLSA claims or claims under Ohio Wage Law.

8. Plaintiff is not similarly situated, pursuant to 29 U.S.C. § 216, with the putative collective action members he seeks to represent for the purposes of the FLSA.

9. Although the Defendant denies that it has violated any aspect of the FLSA and thus has no liability under that statute, any alleged violation would be subject to the de minimus doctrine, which the Defendant invokes.

10. A class action is not appropriate because there are dissimilar individual questions of liability and damages that predominate over common questions of fact and law, requirements of numerosity, commonality and typicality cannot be satisfied, adequate representation has not been established, and a class action is not superior to other available methods for fairly and efficiently adjudicating this matter.

11. Plaintiff's and the putative class's claims for collective relief are barred to the extent that they did not work more than 40 hours in any given workweek and therefore are not entitled to overtime under the FLSA or state law.

12. The Court lacks supplemental jurisdiction over the Plaintiff's state-law claims.

13. Plaintiff has failed to state the elements to support a claim under Ohio law.

14. Some or all of Plaintiff's state law claims are preempted by the FLSA or otherwise.

15. Some or all of Plaintiff's claims and/or the putative class' claims are barred by the applicable statute of limitations.

16. Some or all of Plaintiff's claims and/or the putative class' claims are barred by the doctrines of waiver, comparative fault, justification, ratification, acquiesce, consent, unjust enrichment, and/or res judicata.

17. Plaintiff and members of the putative class have failed to exhaust their administrative remedies as to any Ohio state law claims.

18. Although Defendant denies Plaintiff and/or the putative class are entitled to overtime, Defendant alternately avers that if Plaintiff and/or the putative class are entitled to any overtime, they would be entitled to payment of the overtime premium only as their salary was intended to compensate them for all hours worked during the week.

19. Some or all of Plaintiff's claims conflict with those of other putative class members.

20. Plaintiff is not entitled to a trial by jury of certain of his claims, including claims under Ohio state law.

21. The Complaint fails, to the extent it asserts a representative action, because of the potential for harm, including, but not limited to, violation of the Rules Enabling Act and the infringement of the Defendant's constitutional rights to due process under the United States Constitution and the Ohio Constitution.

22. Plaintiff and the putative class failed to utilize internal complaint procedures or otherwise avoid injury or mitigate their claimed damages.

23. Plaintiff lacks standing to bring one or more of his own claims and/or the claims of the putative class. Further, Plaintiff's claims cannot be properly joined with those of other

members of the putative class. Some or all of the claims of Plaintiff and/or the putative class are barred by the principles of satisfaction and accord or release.

24. To the extent Plaintiff may prevail under more than one cause of action, Defendant asserts the defense of election of remedies.

25. Plaintiff and/or members of the putative class are exempt employees under the professional exemption as they meet the underlying qualifications and their primary and/or regular duties involve the exercise of independent judgment and discretion and the application of skills usually learned in an advanced field of studies or through equivalent experience.

26. Alternatively, Plaintiff and/or members of the putative class are exempt employees under the administrative exemption as they meet the underlying qualifications and their primary and/or regular duties involve the exercise of independent judgment and discretion as to matters of significance involving the general business operations of Defendant's customers.

27. Alternatively, Plaintiff and/or members of the putative class are exempt employees under the executive exemption as they regularly direct other employees.

28. Alternatively, Plaintiff and/or members of the putative class are exempt employees under the outside sales exemption as they regularly make sales.

29. Alternatively, Plaintiff and/or members of the putative class are exempt employees under the combination exemptions for reasons stated above.

30. Alternatively, Plaintiff and/or members of the putative class are exempt employees under the highly compensated employee exemption as they are paid on a salary basis and their total annual compensation is or was in excess of $100,000.

31. The Defendant reserves the right to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery.

Dated: March 12, 2015	Respectfully submitted,

/s/ Kathryn Kreps
Kathryn Kreps (0079216)
Porter, Wright, Morris & Arthur LLP
41 South High Street, 30th Floor
Columbus, Ohio 43215
Telephone: (614) 227-1903
Fax: (614) 227-2100
kkreps@porterwright.com
*Trial Attorney*

Robert P. Lombardi, (LA Bar No. 26387)*
The Kullman Firm
A Professional Law Corporation
Post Office Box 60118
New Orleans, LA 70160
Telephone: (504) 524-4162
*Pro hac vice
*Co-counsel*

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of March, 2015, I caused the foregoing to be electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record:

| | |
|---|---|
| Jack Landskroner, Esq. | Shannon J. Carson, Esq. |
| Drew Legando, Esq. | Sarah R. Shalman-Bergen, Esq. |
| Landskroner, Grieco Merriman, LLC | Alexandra L. Koropey, Esq. |
| 1360 West 9th Street, Suite 200 | Berger & Montague, P.C. |
| Cleveland, Ohio  44113 | 1622 Locust Street |
| Email: jack@lgmlegal.com | Philadelphia, Pennsylvania 19103 |
| Email: drew@lgmlegal.com | Email:  scarson@bm.net |
| | Email: sschalman-bergen@bm.net |
| | Email: akoropey@bm.net |

/s/  Kathryn Kreps