```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**TOMMY L. FENLEY,**

   **Plaintiff,**

  **vs.**                Civil Action 2:15-cv-326
                      Judge Smith
                      Magistrate Judge King

**WOOD GROUP MUSTANG, INC.,**

   **Defendant.**

## PRELIMINARY PRETRIAL ORDER

  A preliminary pretrial conference was held on April 22, 2015. All parties were represented.

  This is a collective action under the FLSA, 29 U.S.C. § 201 *et seq.*, in which plaintiff asserts claims for overtime compensation payments allegedly due. Plaintiff also asserts claims under the Ohio Minimum Wage Act, O.R.C. § 4111.01, *et seq.*, and for unjust enrichment on behalf of himself and a Rule 23 class.

  There is a jury demand.

  The parties agree that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. The parties also agree that the Court has personal jurisdiction over the parties and that venue is proper.

  The parties shall make any remaining Rule 26(a)(1) disclosures no later than April 29, 2015.

  Plaintiff will file a motion to proceed as a collective action and to facilitate Rule 216 notice by July 15, 2015. A motion to certify a Rule 23 class and motion to decertify the collective class

1

will be filed no later than April 18, 2016. Memoranda in opposition must be filed three weeks later, and reply memoranda may be filed two weeks thereafter.

Motions or stipulations for leave to amend the pleadings[1] may be filed, if at all, within thirty (30) days following resolution of the anticipated motion to decertify.

The Court expects that, unless ordered otherwise, discovery will proceed during the pendency of any motion, including a potentially dispositive motion or the anticipated motion to conditionally certify. However, the Court will expect the parties to proceed with a view to minimizing the risk of unnecessary expense and burden to any party. If any party concludes that a specific discovery request is unreasonable, considering the posture of the case, that party may request a conference with the Court to resolve any dispute that the parties are unable to resolve on their own.

The parties contemplate discovery of electronically stored information and will work together to formulate terms of production of that discovery.

The parties may, without further leave of Court, agree to exceed the limits on discovery established by the Federal Rules of Civil Procedure or the local rules of this Court.  Absent agreement, the parties will arrange a conference with the Court.

The reports of primary experts must be produced by January 15, 2016; the reports of rebuttal experts must be produced by February 15, 2016. If the expert is specially retained, the reports must conform to

---

[1] Any such motion would be limited to the joinder of opt-in plaintiffs should the collective class be de-certified.

Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties.  If the expert is not specially retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by the parties.

All fact and expert discovery must be completed by March 18, 2016.  The parties are advised that the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response by that date. Discovery-related motions must be filed prior to the discovery completion date.

Motions for summary judgment may be filed no later than April 18, 2016.

This case will be available for final pretrial conference in August 2016, or as soon thereafter as the Court's calendar permits.

Plaintiff has proposed some form of alternative dispute resolution following production of time and production documents. Defendant will respond to that proposal by May 15, 2015.

The Court will conduct a status conference following the close of the opt-in period. Counsel for the parties will propose to the Court several dates that conform to their schedules. At that conference, the Court will consider the continued viability of this schedule and will establish a time and vehicle for settlement discussions.

If any date set herein falls on a weekend or legal holiday, the date of the next business day will control.


                                              *s/  Norah McCann King*
                                              Norah McCann King
Date: April 22, 2015                   United States Magistrate Judge

3