IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TOMMY L. FENLEY,

      Plaintiff,

  v.                              Civil Action 2:15-cv-00326
                                  Judge George C. Smith
                                  Magistrate Judge Jolson

WOOD GROUP MUSTANG, INC.,

      Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File a First Amended Class and Collective Action Complaint (Doc. 81) and Defendant's Motion for Leave to File Sur-Reply to Plaintiff's Motion for Leave to File a First Amended Complaint and Collective Action Complaint. For the reasons set forth below, the Motions are GRANTED. In addition, the parties are DIRECTED to meet and confer and submit a proposed scheduling order to the Court within seven (7) days of the Order.

**I.    BACKGROUND**

Plaintiff Tommy Fenley, a former employee of Wood Group Mustang, Inc., filed this action on January 26, 2015, seeking relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, and Ohio law for unpaid overtime wages. (Doc. 1). The Preliminary Pretrial Order provided that "[m]otions or stipulations for leave to amend the pleadings may be filed, if at all, within thirty (30) days following resolution of the anticipated motion to decertify." (Doc. 24). On January 11, 2016, the Court extended the pretrial schedule, indicating that it would

conduct a continued preliminary pretrial conference upon resolution of the Motion to Certify, at which time it would establish a revised pretrial schedule.  (Doc. 50).  In doing so, the Court granted the Joint Motion to Amend the Scheduling Order (Doc. 47), which proposed that the "deadline to amend pleadings to add additional parties" be "15 days following the Court's decision on Plaintiff's Motion to Certify the Rule 23 Class, and Defendant's Motion to Decertify the Conditionally Certified FLSA Class, if any" (*id*. at PAGEID #: 846).  The Court subsequently established numerous dates in a July 8, 2016 Order, but it did not set a new deadline for amending the pleadings.  (*See* Doc. 71).

Plaintiff filed a Motion for Leave to File a First Amended Class and Collective Action Complaint to add additional plaintiffs and additional state-law claims on September 14, 2016 (Doc. 81); Defendant opposed on October 5, 2016 (Doc. 86); and Plaintiff filed a Reply on October 19, 2016 (Doc. 87).  Defendant then filed a Sur-reply on November 4, 2016, without leave of Court to do so.  (Doc. 89).  Under Local Civil Rule 7.2(a)(2), a sur-reply is permitted only "upon leave of court for good cause shown."  Defendant, however, corrected its mistake and moved for leave on November 11, 2016.  (Doc. 92).  The Court subsequently construed Plaintiff's Motion to Strike Defendant's Sur-Reply and brief in support (Docs. 90. 91) as an opposition to Defendant's Motion for Leave to File Sur-Reply to Plaintiff's Motion for Leave to File a First Amended Complaint and Collective Action Complaint.  (*See* Doc. 97).  In addition, the Court heard argument on the pending Motions on November 17, 2016.

2

**II.     DISCUSSION**

**A.  Defendant's Motion for Leave to File Sur-Reply (Doc. 92)**

It is within the Court's sound discretion as to whether to permit the filing a sur-reply.  *See Solari v. Goodyear Tire & Rubber Co.*, 2016 U.S. App. LEXIS 12164, at *15 (6th Cir. 2016). Here, the Court relied on Defendant's Sur-Reply in resolving the underlying motion for leave to amend and accordingly GRANTS Defendant's Motion for Leave to File Sur-Reply (Doc. 92).

**B.  Plaintiff's Motion for Leave to Amend (Doc. 81)**

*1.  Legal Standard*

The parties dispute the legal standard applicable to Plaintiff's First Motion for Leave to File A First Amended Class and Collective Action Complaint (Doc. 81).  Rule 15(a)(2) of the Federal Rules of Civil Procedure—which Plaintiff asserts applies—provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires."  This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'"  *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).  Thus, the trial court enjoys broad discretion in deciding motions for leave to amend.  *See General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).  In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment."  *Foman v. Davis,* 371 U.S. 178, 182 (1962)

Defendant counters that Rule 16 of the Federal Rules of Civil Procedure applies because the deadline for amending the pleadings set by previous scheduling orders has expired, and Plaintiff therefore must show "'good cause'" for the amendment. (Doc. 86 at 1–2). The most recent scheduling order in this case, which the undersigned entered, does not address amendment. (Doc. 71). However, two previous orders, which Magistrate Judge King entered, do. On April 22, 2015, the Court set a deadline to amend of "within thirty (30) days following the resolution of the anticipated motion to decertify." (Doc. 24 at 2). However, any such motion was "limited to the joinder of opt-in plaintiffs should the collective action be decertified." (*Id.* at n. 2). On January 11, 2016, Magistrate Judge King amended the case schedule and adopted by reference the parties' proposed dates. (Doc. 50). The parties had proposed the following amendment deadline: "15 days following the Court's decision on the Plaintiff's Motion to Certify the Rule 23 Class, and Defendant's Motion to Decertify Conditionally Certified FLSA Class, if any." (Doc. 47-1). The caveat that any amendment be limited to opt-in plaintiffs after a potential decertification was not included. Accordingly, legitimate confusion exists as to the amendment deadline and whether Rule 15 or Rule 16 applies. The Court concludes, however, that it does not matter because Plaintiff satisfies both standards.

### 2. Analysis

In support of amendment, Plaintiff asserts that "[t]hrough investigation of the claims . . . during the Opt-In Period, Plaintiff has identified several additional state law claims that arise out of WGM's illegal day rate pay practice." (Doc. 82 at 2). As such, Plaintiff seeks to add claims under Illinois, Pennsylvania, and California law, and add three representative class members. (*Id.*). Plaintiff additionally argues that granting the amendment is in the interest of judicial

economy because it would prevent the new representative class members from filing new complaints asserting the additional state-law claims in different fora.  (*Id.* at 5).

The Court considers Plaintiff's diligence first.  The Opt-In Period—the period during which Plaintiff could identify and interview potential opt-in plaintiffs—ended on August 30, 2016, and Plaintiff filed for leave to amend on September 14, 2016 (Doc. 81).  The Court finds—and Defendant does not dispute—that there was no undue delay, bad faith, or dilatory motive behind Plaintiff's Motion for Leave.  Instead, Plaintiff pursued discovery diligently, and in doing so, discovered additional state-law claims against WGM stemming from its alleged failure to pay overtime.  Accordingly, Rule 15's liberal pleading standard is satisfied.

Plaintiff's diligence also supports a finding under Rule 16(b) that "good cause" exists to amend.  *Cornell v. World Wide Bus. Servs. Corp.*, 2014 U.S. Dist. LEXIS 119586 *13–14 (S.D. Ohio Aug. 27, 2014) (granting leave to amend, in part, because of plaintiff's diligence).  Further, Plaintiff has provided additional reasons to grant leave to amend.  In particular, the Court agrees with Plaintiff's argument that judicial economy is best served by permitting amendment.  From the start, this case has been a national class and collective action.  (*See* Doc. 1, ¶ 11).  As such, plaintiffs from Illinois, Pennsylvania, and California opted into the class.  It would be inefficient to deny amendment and force these plaintiffs to litigate their FLSA claims here and their state-law claims—which have the same factual basis—in their respective home states.  Moreover, the Court finds that the risk of inconsistent judgments across the country supports permitting amendment.

Defendant responds in two primary ways.  (Doc. 86).  First, Defendant asserts that amendment would result in undue prejudice because it will incur significant additional discovery

5

expenses. (*Id.* at 3-4). As an initial matter, the type discovery that will be at issue if amendment is granted will be no different than the kind of discovery the parties already have been requesting and producing. Moreover, Plaintiff's counsel has represented that it will proceed with these claims regardless of whether amendment is granted. Accordingly, Defendant will have to engage in this particular discovery regardless of the outcome of this Motion. Therefore, the Court finds that the proposed amendment, if granted, would not significantly prejudice Defendant. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999) ("To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)); *see also Podlesnick v. Airborne Exp., Inc.*, 94 F.R.D. 288 (S.D. Ohio 1982) (holding that because an additional cause of action in the proposed amended complaint arose "from the same factual circumstances as those upon which the first cause of action [was] based . . . Defendant [was] not [] prejudiced in defending said allegations").

Second, Defendant argues that amendment is futile because it anticipates that this Court ultimately will not exercise supplemental jurisdiction in this matter. (*See* Doc. 86 at 8). "At this stage of the litigation, [however,] this Court is charged with determining whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015). The proposed amended complaint meets this low bar.

This Court has original, federal question jurisdiction over Plaintiff's FLSA claims. *See Carnevale v. GE Aircraft Engines*, 492 F.Supp.2d 763, 767-68 (S.D. Ohio 2003). Supplemental jurisdiction is governed by 28 U.S.C. §1367(a), which states that, "district courts shall have

6

supplemental jurisdiction over all claims that are so related to claims to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Sixth Circuit has held that "[c]laims form part of the same case of controversy when they 'derive from a common nucleus of operative facts.'" *Blakely v. U.S.*, 237 F.3d 853, 861 (6th Cir. 2002) (quoting *Ahearn v. Charter Twp. of Bloomfield,* 100 F.3d 451, 454-55 (6th Cir. 1996)). As pled in the First Amended Class and Collective Action Complaint (Doc. 81-2), the FLSA claims and the supplemental state-law claims have the same common nucleus of operative fact.

Moreover, courts in this district and across the country have found that it is appropriate to litigate an FLSA collective action and a Rule 23 state-law class action in the same proceeding. *See Wade v. Werner Trucking Co.*, No. 2:10-cv-270, 2011 WL 320233, at *2 (S.D. Ohio Jan. 28, 2011) (Black, J.) ("[T]here is nothing inherently incompatible between an FLSA opt-in suit and an Ohio Act Rule 23 class action…they are able to coexist within the same litigation); *Calderone v. Scott*, No.15-14187, 2016 WL 5403589 (joining the D.C., Second, Third, Seventh, and Ninth Circuits in holding that these types of actions can be maintained in the same proceeding). There is no reason to assume that the District Court will do otherwise here. This undersigned thus finds Defendant's argument regarding supplemental jurisdiction to be an inadequate reason to deny amendment at this juncture.

Finally, the Court notes that to the extent Defendant asks the Court to address directly the merits of the complaint, "the Court believes that it's the better exercise of discretion to permit the amendment," after which Defendant may raise their merits arguments in a dispositive motion once the amended complaint is filed. *Bear*, 2015 WL 1954451, at *3. At that point, "the matter

7

will then be subject to proper consideration by the District Judge." *Id.*

Accordingly, the Court GRANTS Plaintiff's Motion for Leave To File A First Amended Class and Collective Action Complaint (Doc. 82).

### C. Scheduling Modification

During the status conference on November 17, 2016, the parties represented to the Court that they need additional time for discovery. To that end, the parties are DIRECTED to meet and confer and submit a proposed scheduling order to the Court within seven (7) days of this Order. The Court reminds the parties that this case has been pending for almost 22 months, and the Court will take that into account when considering the parties' suggested deadlines.

### III. CONCLUSION

For the reasons stated, Plaintiff's Motion for Leave To File A First Amended Class and Collective Action Complaint (Doc. 81) and Defendant's Motion for Leave to File Sur-Reply to Plaintiff's Motion for Leave to File a First Amended Complaint and Collective Action Complaint (Doc. 92) are GRANTED. The clerk is directed to file Exhibit A to Document 82 as the First Amended Complaint. In addition, the parties are DIRECTED to meet and confer and submit a proposed scheduling order to the Court within seven (7) days of this Order.

### PROCEDURE FOR RECONSIDERATION

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Eastern Division Order No. 91–3, pt. I., F., 5. The motion must specifically designate the Order or part in question and the basis for any objection. Responses to objections are due fourteen (14) days after objections are filed and replies by the objecting party are due

seven (7) days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

IT IS SO ORDERED.


Date:  November 21, 2016                             /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE