## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| **TOMMY L. FENLEY, WILLIAM PEVETO,** : **BROCKROBERT TAGAROOK and LEWIS** : **WHITMIRE, individually and on behalf of** : **all persons similarly situated,** : | **Civil Action No.:  2:15-cv-00326-GCS-NMK** |
| : | |
| **Plaintiffs,** : | **COLLECTIVE & CLASS ACTION** |
| : | |
| **v.** : | |
| : | |
| **WOOD GROUP MUSTANG, INC.,** : | |
| : | |
| **Defendant.** : | |

### FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Tommy L. Fenley ("Fenley"), William Peveto ("Peveto"), Brockrobert Tagarook ("Tagarook") and Lewis Whitmire ("Whitmire") (collectively, "Plaintiffs") on behalf of themselves and all persons similarly situated, bring this First Amended Complaint[1] ("FAC") against Defendant Wood Group Mustang, Inc. ("Defendant" or "Wood Group"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), Ohio, Illinois, Pennsylvania, and California state laws.  This FAC is to be filed with leave of the Court pursuant to FED. R. CIV. P. 15(a)(2), and it relates back to the date of the original pleading pursuant to FED. R. CIV. P. 15(c).  The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1.      Jurisdiction over Plaintiffs' FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

---

[1] Plaintiff Tommy L. Fenley's Class and Collective Action Complaint was filed on January 26, 2015.  (Dkt. No. 1.)

1

2.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs'

state law claims, because those claims derive from a common nucleus of operative facts.

3.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391.  The events giving rise

to Plaintiffs' claims occurred within this District, Defendant conducts business in this District, and

Defendant is incorporated in the State of Ohio.

## PARTIES

4.     Plaintiff Tommy L. Fenley ("Fenley") was employed by Defendant as a Welding

Inspector in Cambridge, Ohio, between approximately October 2013 and April 2014.  Pursuant to

29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action. *See* Dkt. No. 1-6.

5.     Plaintiff William Peveto ("Peveto") was employed by Defendant between

approximately March 2008 and August 2014 as a Welding Inspector in Illinois and Texas, and a

Chief Inspector in Iowa.  Pursuant to 29 U.S.C. § 216(b), he has consented in writing to being a

Plaintiff in this action.  *See* Dkt. No. 26-1 at p. 10.

6.     Plaintiff Brockrobert Tagarook ("Tagarook") was employed by Defendant between

approximately November 2013 and April 2014 as an Environmental Inspector in Pennsylvania and

a Utility Inspector in Ohio. Pursuant to 29 U.S.C. § 216(b), he has consented in writing to being a

Plaintiff in this action.  *See* Dkt. No. 26-1 at p. 12.

7.     Plaintiff Lewis Whitmire ("Whitmire") was employed by Defendant between

approximately September 2012 and March 2013 as a Utility Inspector in California and Arizona.

Pursuant to 29 U.S.C. § 216(b), he has consented in writing to being a Plaintiff in this action.  *See*

Dkt. No. 63-1 at p. 10.

8.     Defendant Wood Group Mustang, Inc. ("Defendant" or "Wood Group"), is a

subsidiary of Wood Group, PLC, which is a publicly-traded corporation operating throughout the

United States, including in this District.  Wood Group is incorporated in Ohio and maintains its corporate headquarters in Houston, Texas.

9.      Wood Group is an international energy services company that employs over 8,000 people worldwide.  *See* Dkt. No 1-4.[2]  Wood Group's operations and services include, without limitation "project management, construction management, engineering and procurement services to the offshore, onshore, oil sands, pipeline, refining, chemicals, industrial and automation sectors."  Dkt. No. 1-4.

10.     Wood Group employed Plaintiffs and continues to employ similarly-situated employees.

11.     Wood Group employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

12.     Wood Group's annual gross volume of business exceeds $500,000.

13.     Wood Group is not an independently-owned and -controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## CLASS DEFINITIONS

14.     Plaintiffs bring Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of potential opt-in litigants:

> All current and former employees of Wood Group Mustang, Inc. ("WGM") who were classified with the pay code "DAY – Non Exempt Day Rate" and who worked in WGM's Pipeline Services Inspection Department as an inspector (or an equivalent position) in the United States in any workweek in the past three years ("Inspectors" or "FLSA Class").

---

[2] http://www.mustangeng.com/NewsandIndustryEvents/Publications/Publications/Corporate%20Overview.pdf

15. Plaintiffs Fenley and Tagarook bring Counts II, III, and IV of this lawsuit as a class

action pursuant to FED. R. CIV. P. 23, on behalf of themselves and the following class:

> All current and former employees of Wood Group Mustang, Inc. ("WGM") who were classified with the pay code "DAY – Non Exempt Day Rate" and who worked in WGM's Pipeline Services Inspection Department as an inspector (or an equivalent position) in Ohio at any time between January 26, 2011[3] and the present (the "Ohio Class").

16. Plaintiff Peveto brings Counts V, VI, and VII of this lawsuit as a class action

pursuant to FED. R. CIV. P. 23, on behalf of himself and the following class:

> All current and former employees of Wood Group Mustang, Inc. ("WGM") who were classified with the pay code "DAY – Non Exempt Day Rate" and who worked in WGM's Pipeline Services Inspection Department as an inspector (or an equivalent position) in Illinois at any time between September 14, 2011[4] and the present who were paid pursuant to a daily rate compensation system (the "Illinois Class").

17. Plaintiff Tagarook Counts VII and IX of this lawsuit as a class action pursuant to

FED. R. CIV. P. 23, on behalf of himself and the following class:

> All current and former employees of Wood Group Mustang, Inc. ("WGM") who were classified with the pay code "DAY – Non Exempt Day Rate" and who worked in WGM's Pipeline Services Inspection Department as an inspector (or an equivalent position) in Pennsylvania at any time between September 14, 2012[5] and the present who were paid pursuant to a daily rate compensation system (the "Pennsylvania Class").

18. Plaintiff Whitmire brings Counts X, XI, XII and XIII of this lawsuit as a class action

---

[3] The statute of limitations on Plaintiff Fenley's and Tagarook's unjust enrichment claim is four (4) years. Therefore, employees may be members of the Ohio Class if they were employed on or after January 26, 2011, for at least one of the Claims alleged on behalf of the Ohio Class.

[4] The statute of limitations on Plaintiff Peveto's unjust enrichment claim is five (5) years. Therefore, former and current employees may be members of the Illinois Class if they were employed on or after September 14, 2011 for at least one of the claims alleged on behalf of the Illinois Class.

[5] The statute of limitations on Plaintiff Tagarook's unjust enrichment claim is four (4) years. Therefore, employees may be members of the Pennsylvania Class if they were employed on or after September 14, 2012, for at least one of the Claims alleged on behalf of the Pennsylvania Class.

pursuant to FED. R. CIV. P. 23, on behalf of himself and the following class:

> All current and former employees of Wood Group Mustang, Inc. ("WGM") who were classified with the pay code "DAY – Non Exempt Day Rate" and who worked in WGM's Pipeline Services Inspection Department as an inspector (or an equivalent position) in California at any time between September 14, 2012[6] and the present who were paid pursuant to a daily rate compensation system (the "California Class").

19.     The Ohio Class, Illinois Class, Pennsylvania Class and California Class are together referred to as the "State Law Classes."

20.     The FLSA Class and the State Law Classes are together referred to as the "Classes."

21.     Plaintiffs reserve the right to redefine the Classes prior to class certification, and thereafter, as necessary.

## **FACTS**

22.     Wood Group employs members of the Classes throughout the United States.

23.     From October 2013 through April 2014, Plaintiff Fenley was employed as a non-exempt Welding Inspector with Wood Group, performing and reviewing welding inspections on gas pipelines. Wood Group employed Plaintiff Fenley on a pipeline that stretched for approximately 20 miles in and around Cambridge, Ohio.

24.     From March 2008 through August 2014, Plaintiff Peveto was employed as a non-exempt Welding Inspector and Chief Inspector with Wood Group, performing and reviewing welding inspections on gas pipelines.

25.     From Ohio 2013 through April 2014, Plaintiff Tagarook was employed as a non-

---

[6] The statute of limitations on Plaintiff Whitmire's California Unfair Competition Law claim is four (4) years.  Therefore, former and current employees may be members of the California Class if they were employed on or after September 14, 2012, for at least one of the Claims alleged on behalf of the California Class.

exempt Environmental Inspector with Wood Group, performing and reviewing welding inspections on gas pipelines.

26.     From September 2012 through March 2013, Plaintiff Whitemire was employed as a non-exempt Utility Inspector with Wood Group, performing and reviewing welding inspections on gas pipelines.

27.     Plaintiffs reviewed and aided colleagues in performing routine inspections of newly-laid pipes.  Plaintiffs observed other members of the Classes performing the same or substantially-similar job duties.

28.     Plaintiffs' work required the utilization of techniques and procedure obtained primarily from industry manuals, standards, and codes.  *See* 29 C.F.R. § 541.203(g).  Plaintiffs observed other members of the Classes utilizing similar techniques and procedures in the performance of their jobs.

29.     Plaintiffs had little leeway in the performance of his job and worked within the closely-prescribed limits provided by Wood Group.  *See* 29 C.F.R. § 541.203(g).  Plaintiffs observed other members of the Classes working in the same or substantially-similar manner.

30.     Wood Group has a policy or practice of failing to compensate Plaintiffs and the Classes for all overtime hours worked.

31.     Wood Group paid Plaintiffs and the Classes pursuant to its daily rate compensation system that did not take into account the hours worked in a workweek or overtime hours.  *See* Dkt. No. 1-5 (examples of Plaintiff Fenley's paystubs dated November 1, 2013, January 10, 2014, and April 25, 2014).[7]

---

[7] The "Hours" section of Plaintiff Fenley's paystubs tracks days worked each workweek, not hours worked each workday.

32. Wood Group did not pay Plaintiffs or the Classes a salary in addition to their daily rate compensation. *See* Dkt. No. 1-5.

33. Plaintiffs routinely worked up to seven days per week and more than ten hours per day. Plaintiffs observed that the members of the Classes routinely worked similar schedules.

34. Wood Group did not pay Plaintiffs and the Classes any compensation for hours worked over 40 per workweek.

35. In 2011, the United States Court of Appeals for the Tenth Circuit held that a similar compensation scheme by an oilfield services company was not only unlawful, but constituted a willful violation of the FLSA. *See Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011). Since *Mumby*, many oil and gas service companies have reclassified their daily rate workers to come into compliance with the FLSA. Wood Group, however, has not done so.

36. Moreover, during the entire relevant time period, Wood Group was aware that the Plaintiffs and the Classes were not properly compensated, because the Class Members' timesheets clearly demonstrate that they were routinely working more than forty (40) hours per week (based on the number of days they were working), but were not receiving overtime compensation.

37. Wood Group does not maintain accurate records of the hours that Plaintiffs and the Classes worked each workday and the total number of hours worked each workweek as required by the FLSA and state laws. *See* 29 C.F.R. § 516.2(a)(7) (requiring 3 years under the FLSA); Ohio Section 34a, Article II of the Ohio Constitution ("Section 34a"), and R.C. 4111.14 (requiring 3 years under Ohio law); Ill. Admin. Code, tit. 56, §§ 210.770, 210.730 (3 years under Illinois law); 43 Pa. Stat. § 333.105, 34 Pa. Code § 231.31 (3 years under Pennsylvania law); Cal. Lab. Code § 1174 (3 years under California).

38. As a publicly traded international energy services company that employs over 8,000

people worldwide, there is no question that Wood Group has access to human resource expertise and legal counsel who can advise Wood Group on its wage and hour compliance obligations.

39. Wood Group has acted willfully and with reckless disregard of clearly-applicable FLSA and state law provisions by failing to compensate Plaintiffs and the Classes for hours worked in excess of 40 during the workweek.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

41. Plaintiffs desire to pursue their FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

42. Plaintiffs and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Wood Group's previously described common pay practices and, as a result of such practices, were not paid the full and legally-mandated overtime premium for hours worked over 40 during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Wood Group's common compensation, timekeeping and payroll practices.

43. Specifically, Wood Group paid Plaintiffs and the FLSA Class a set amount of pay per day, regardless of the number of hours worked, and failed to pay overtime as required by law.

44. The similarly-situated employees are known to Wood Group, are readily identifiable, and may be located through Wood Group's records and the records of any payroll companies that Wood Group utilizes. Wood Group employs many FLSA Class Members throughout the United States. These similarly-situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant

8

to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

45.     Plaintiffs bring this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of themselves and the State Law Classes defined above.

46.     The members of the State Law Classes are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 40 members of the State Law Classes.

47.     Plaintiffs will fairly and adequately represent and protect the interests of the State Law Classes because there is no conflict between the claims of Plaintiffs and those of the State Law Classes, and Plaintiffs' claims are typical of the claims of the State Law Classes. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

48.     There are questions of law and fact common to the proposed State Law Classes, which predominate over any questions affecting only individual Class members, including, without limitation: whether Wood Group has violated and continues to violate the laws of Ohio, Illinois, Pennsylvania, and California through its policy or practice of not paying its day rate employees overtime compensation.

49.     Plaintiffs' claims are typical of the claims of the State Law Classes in the following ways, without limitation: (a) Plaintiffs Fenley and Tagarook are members of the Ohio Class; (b) Plaintiff Peveto is a member of the Illinois Class; (c) Plaintiff Tagarook is a member of the Pennsylvania Class; (d) Plaintiff Whitmore is a member of the California Class; (e) Plaintiffs'

claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the State Law Classes; (f) Plaintiffs' claims are based on the same legal and remedial theories as those of the State Law Classes and involve similar factual circumstances; (g) there are no conflicts between the interests of Plaintiffs and the State Law Class members; and (h) the injuries suffered by Plaintiffs are similar to the injuries suffered by the State Law Class members.

50.     Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the State Law Classes predominate over any questions affecting only individual Class members.

51.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The State Law Classes are readily identifiable from Wood Group's own employment records.  Prosecution of separate actions by individual members of the State Law Classes would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Wood Group.

52.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Further, the amounts at stake for many of the State Law Class members, while substantial, are not great enough to enable them to maintain separate suits against Wood Group.

53.     Without a class action, Wood Group will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the State Law Classes.  Plaintiffs envision no difficulty in the management of this action as a class action.

**COUNT I**
**VIOLATION OF THE FLSA**
**(On Behalf of the FLSA Class)**

54.     All previous paragraphs are incorporated as though fully set forth herein.

55.     The FLSA requires that covered employees be compensated for all hours worked in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which he is employed.  *See* 29 U.S.C. § 207(a)(1).

56.     The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of 40 in the workweek.  *See* 29 C.F.R. § 778.112.

57.     Wood Group is subject to the overtime requirements of the FLSA because Wood Group is an employer under 29 U.S.C. § 203(d).

58.     During all relevant times, Plaintiffs and the FLSA Class were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

59.     Wood Group's compensation scheme applicable to Plaintiffs and the FLSA Class failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

60.     Plaintiffs and the FLSA Class are not exempt from the requirements of the FLSA.

61.     Wood Group knowingly failed to compensate Plaintiffs and the FLSA Class at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

62. During all relevant times, Plaintiffs and the FLSA Class were covered employees entitled to the above-described FLSA protections.

63. In violating the FLSA, Wood Group acted willfully and with reckless disregard of clearly applicable FLSA provisions.

<u>**COUNT II**</u>
**VIOLATION OF THE OHIO MINIMUM WAGE ACT**
**(On Behalf of Plaintiffs Fenley and Tagarook and the Ohio Class)**

64. All previous paragraphs are incorporated as though fully set forth herein.

65. Overtime compensation due to Ohio workers is governed by R.C. 4111.03(A).

66. ORC requires that non-resident employees be compensated for all hours worked in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* R.C. 4111.03(A).

67. Wood Group is subject to the overtime requirements under the ORC because Wood Group is an employer under RC 4111.03(D)(2).

68. During all relevant times, Plaintiffs Fenley and Tagarook and the Ohio Class were covered employees entitled to the above-described protections. *See* R.C. 4111.03(D)(3).

69. Wood Group willfully failed to pay Plaintiffs Fenley and Tagarook and the Ohio Class overtime wages at a rate of one and one-half times their regular rate of pay to which they are entitled under R.C. 4111.03(A).

70. By virtue of Wood Group's failure to pay Plaintiffs Fenley and Tagarook and the Ohio Class members the legally-required overtime wages for all hours worked in excess of 40 hours per week, Wood Group willfully violated R.C. 4111.03(A).

71. Pursuant to R.C. 4111.10(A), employers, such as Wood Group, who intentionally fail to pay an employee wages in conformance with the ORC shall be liable to the employee for

the wages or expenses that were intentionally not paid, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

72.     As a result of Wood Group's willful violations of Ohio law, Plaintiffs Fenley and Tagarook and the Ohio Class are entitled to recover from Wood Group their unpaid overtime wages together with the costs of suit.

**COUNT III**
**RECORD-KEEPING VIOLATION UNDER OHIO LAW**
**(On Behalf of Plaintiffs Fenley and Tagarook and the Ohio Class)**

73.     All previous paragraphs are incorporated as though fully set forth herein.

74.     Defendant failed to maintain records of the Ohio Class Members' hours worked for each day worked.

75.     Defendant's failure to maintain such records violations Section 34a and entitle Plaintiffs Fenley and Tagarook and Ohio Class Members the remedies provided by that Section as well as R.C. 4111.14.

**COUNT IV**
**UNJUST ENRICHMENT UNDER OHIO LAW**
**(On Behalf of Plaintiffs Fenley and Tagarook and the of the Ohio Class)**

76.     All previous paragraphs are incorporated as though fully set forth herein.

77.     Wood Group has received and benefited from the uncompensated labors of Plaintiffs Fenley and Tagarook and the Ohio Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

78.     At all relevant times hereto, Wood Group devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiffs Fenley and Tagarook and the Ohio Class without paying overtime compensation for all hours worked.

79.     Contrary to all good faith and fair dealing, Wood Group induced Plaintiffs Fenley

and Tagarook and the Ohio Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

80.     By reason of having secured the work and efforts of Plaintiffs Fenley and Tagarook and the Ohio Class without paying overtime compensation as required by law, Wood Group enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiffs Fenley and Tagarook and the Ohio Class.  Wood Group retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

81.     Accordingly, Plaintiffs Fenley and Tagarook and the Ohio Class are entitled to judgment in an amount equal to the benefits unjustly retained by Wood Group.

## COUNT V
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
#### (On Behalf of Plaintiff Peveto and the Illinois Class)

82.     All previous paragraphs are incorporated as though fully set forth herein.

83.     The Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, *et seq*. ("IMWL"), requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* 820 Ill. Comp. Stat. §105/4a(1).

84.     Plaintiff Peveto and the Illinois Class are employees of Wood Group within the meaning of 820 Ill. Comp. Stat. §105/3(d).

85.     Wood Group was or is the employer of Plaintiff Peveto and the Illinois Class within the meaning of 820 Ill. Comp. Stat. §105/3(c).

86.     Plaintiff Peveto and the Illinois Class routinely worked in excess of 40 hours per week.  Wood Group did not pay Plaintiff Peveto and the Illinois Class any overtime compensation

for the overtime hours worked.

87.     Wood Group, by its policies and practices, failed to pay the requisite overtime compensation to Plaintiff Peveto and other members of the Illinois Class, as mandated by 820 Ill. Comp. Stat. §105/4a(1).

88.     Pursuant to 820 Ill. Comp. Stat. 105/12, employers, such as Wood Group, who intentionally fail to pay an employee wages in conformance with the IMWL shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages equal to 2% of the amount of any such underpayments for each month, court costs, and attorneys' fees incurred in recovering the unpaid wages.

89.     In violating Illinois law, Wood Group acted willfully and with reckless disregard of clearly applicable IMWL provisions.

<u>**COUNT VI**</u>
**VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT**
**(On Behalf of Plaintiff Peveto and the Illinois Class)**

90.     All previous paragraphs are incorporated as though fully set forth herein.

91.     Plaintiff Peveto and the Illinois Class are employees of Wood Group within the meaning of 820 Ill. Comp. Stat. §105/3(d).

92.     Wood Group was or is the employer of Plaintiff Peveto and the Illinois Class within the meaning of 820 Ill. Comp. Stat. §105/3(c).

93.     Pursuant to 820 Ill. Comp. Stat. § 105/8, employers are required to make and keep records regarding work hours and pay for a period of not less than three (3) years.

94.     Wood Group unlawfully failed to maintain records as required by 820 Ill. Comp. Stat. § 105/8.

95.     Pursuant to 820 Ill. Comp. Stat. §§ 105/12(a) and 115/14(a), Plaintiff Peveto and

the Illinois Class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

96.     Because Wood Group incorrectly kept track of the hours worked by Plaintiff Peveto and Illinois Class, Plaintiff Peveto and the Illinois Class were not paid for their overtime hours worked.  Pursuant to 820 Ill. Comp. Stat.  § 115/14 of the IWPCA, Plaintiff Peveto and the Illinois Class are entitled to an award of damages their uncompensated overtime hours worked.

**COUNT VII**
**UNJUST ENRICHMENT UNDER ILLINOIS LAW**
**(On Behalf Plaintiff Peveto and the Illinois Class)**

97.     All previous paragraphs are incorporated as though fully set forth herein.

98.     This count is brought against Wood Group pursuant to the common law doctrine of unjust enrichment.

99.     Wood Group has received and benefited from the uncompensated labors of Plaintiff Peveto and the Illinois Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

100.    At all relevant times hereto, Wood Group devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff Peveto and the Illinois Class without paying overtime compensation for all hours worked.

101.    Contrary to all good faith and fair dealing, Wood Group induced Plaintiff Peveto and the Illinois Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

102.    By reason of having secured the work and efforts of Plaintiff Peveto and the Illinois Class without paying overtime compensation as required by law, Wood Group enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to

its own benefit and to the detriment of Plaintiff Peveto and the Illinois Class. Wood Group retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

103. Accordingly, Plaintiff Peveto and the Illinois Class are entitled to judgment in an amount equal to the benefits unjustly retained by Wood Group.

### COUNT VIII
### VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT
#### (On Behalf of Plaintiff Tagarook and the Pennsylvania Class)

104. All previous paragraphs are incorporated as though fully set forth herein.

105. The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

106. The PMWA provides that, if an employee is paid a flat sum for a day's work, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek. *See* 34 Pa. Code § 231.43(b).

107. Wood Group is subject to the overtime requirements of the PMWA because Wood Group is an employer under 43 P.S. § 333.103(g).

108. During all relevant times, Plaintiff Tagarook and the Pennsylvania Class were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

109. Wood Group's compensation scheme that is applicable to Plaintiff Tagarook and the Pennsylvania Class failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code §

231.43(b).

110.     Wood Group knowingly failed to compensate Plaintiff Tagarook and the Pennsylvania Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

111.     Pursuant 43 P.S. § 333.113, employers, such as Wood Group, who intentionally fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were intentionally not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

112.     In violating the PMWA, Wood Group acted willfully and with reckless disregard of clearly applicable PMWA provisions.

**COUNT IX**
**UNJUST ENRICHMENT UNDER PENNSYLVANIA LAW**
**(On Behalf of Plaintiff Tagarook and the Pennsylvania Class)**

113.     All previous paragraphs are incorporated as though fully set forth herein.

114.     Wood Group has received and benefited from the uncompensated labors of Plaintiff Tagarook and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

115.     At all relevant times hereto, Wood Group devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff Tagarook and the Pennsylvania Class without paying overtime compensation for all hours worked.

116.     Contrary to all good faith and fair dealing, Wood Group induced Plaintiff Tagarook and the Pennsylvania Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

117.     By reason of having secured the work and efforts of Plaintiff Tagarook and the

18

Pennsylvania Class without paying overtime compensation as required by law, Wood Group enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff Tagarook and the Pennsylvania Class. Wood Group retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

118.    Accordingly, Plaintiff Tagarook and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Wood Group.

**COUNT X**
**VIOLATION OF THE CALIFORNIA STATE LABOR CODE**
**FAILURE TO PAY OVERTIME**
**(On Behalf Plaintiff Whitmire and the California Class)**

119.    All previous paragraphs are incorporated as though fully set forth herein.

120.    The California Labor Code (hereinafter "CLC") requires employers, including Wood Group, to pay overtime compensation to all non-exempt employees.

121.    Plaintiff Whitmire and the California Class are non-exempt employees entitled to be paid proper overtime compensation for all hours worked.  *See* Cal. Lab. Code § 1194(a).

122.    By the course of conduct set forth above, Wood Group violated Cal. Lab. Code § 510(a), which provides:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

Cal. Lab. Code § 510(a).

123.    During the relevant statutory period, Plaintiff Whitmire and the California Class

have worked in excess of ten (10) hours in a work day and/or forty (40) hours in a work week for Wood Group.

124.    During the relevant statutory period, Wood Group failed and refused to pay Plaintiff Whitmire and the California Class all wages due, including proper overtime compensation for overtime hours worked.

125.    Wood Group had a policy and practice of failing and refusing to pay proper overtime pay to Plaintiff Whitmire and the California Class for their hours worked.

126.    As a result of Wood Group's failure to pay wages earned and due, Wood Group violated the California Labor Code.

127.    As a direct and proximate result of Wood Group's unlawful conduct, as set forth herein, Plaintiff Whitmire and the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Wood Group, prejudgment interest, and attorneys' fees and costs.

## COUNT XI
### VIOLATION OF THE CALIFORNIA WAGE PAYMENT LAWS
### (On Behalf Plaintiff Whitmire and the California Class)

128.    All previous paragraphs are incorporated as though fully set forth herein.

129.    Cal. Lab. Code §§ 201 and 202 require Wood Group to pay employees all wages due within the time specified by law.  Cal. Lab. Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages.

130.    Plaintiff Whitmire and the California Class are entitled to unpaid overtime compensation, but to date have not received all such compensation.

20

131. As a consequence of Wood Group's willful conduct in not paying proper compensation for all hours worked, Plaintiff Whitmire and the California Class are entitled to up to thirty (30) days' wages under Cal. Lab. Code § 203, together with interest thereon, and attorneys' fees and costs.

**COUNT XII**
**VIOLATION OF THE CALIFORNIA WAGE STATEMENT**
**PROVISIONS OF THE LABOR CODE**
**(On Behalf of Plaintiff Whitmire and the California Class)**

132. All previous paragraphs are incorporated as though fully set forth herein.

133. During the relevant statutory period, Wood Group knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff Whitmire and the California Class, in accordance with Cal. Lab. Code § 226(a) and Cal. Wage Order No. 4. Such failure caused injury by, among other things, impeding these individuals from knowing the amount of wages to which they are and were entitled.

134. Plaintiff Whitmire and the California Class who were harmed by inaccurate wage statements within the applicable statute of limitations, are entitled to and seek injunctive relief requiring Wood Group to comply with Cal. Lab. Code § 226(e) and further seek the amount provided under Cal. Lab. Code § 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period.

**COUNT XIII**
**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW**
**(On Behalf of Plaintiff Whitmire and the California Class)**

135. All previous paragraphs are incorporated as though fully set forth herein.

136. The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*. The UCL prohibits unfair competition by

21

prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

137. Beginning at a date at least as long ago as 2011, Wood Group committed acts of unfair competition, as defined by the UCL by, among other things, engaging in the acts and practices described herein.

138. Wood Group's conduct as herein alleged has injured Plaintiff Whitmire and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff Whitmire and the California Class.

139. Wood Group engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws:

      A.      Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*;

      B.      California Labor Code §§ 510 & 1194;

      C.      California Labor Code §§ 226.7 & 512.

140. Wood Group's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Wood Group's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

141. The harm to Plaintiff Whitmire and the California Class in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Wood Group's policies or practices and therefore, Wood Group's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

142. Pursuant to Business and Professions Code § 17200, *et seq.*, Plaintiff Whitmire and the California Class are entitled to restitution of the overtime earnings and other unpaid wages alleged herein that were withheld and retained by Wood Group during a period that commences

four (4) years prior to the filing of this action, a permanent injunction requiring Wood Group to pay required wages, an award of attorneys' fees pursuant to the California Code of Civil Procedure § 1021.5 and other applicable laws, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly-situated, seek the following relief:

A.    An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

B.    Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

C.    An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the State Law Classes;

D.    Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

E.    Liquidated damages to the fullest extent permitted under the law;

F.    Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

23

G.      Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues of fact.


Dated: September 14, 2016                    Respectfully submitted,



                                             s/ Sarah R. Schalman-Bergen
                                             Shanon J. Carson, Esq.
                                             Sarah R. Schalman-Bergen, Esq.
                                             Alexandra K. Piazza, Esq.
                                             BERGER & MONTAGUE, P.C.
                                             1622 Locust Street
                                             Philadelphia, Pennsylvania 19103
                                             T. (215) 875-3000
                                             F. (215) 875-4604
                                             E. scarson@bm.net, sschalman-bergen@bm.net,
                                                apiazza@bm.net

                                             Jack Landskroner (0059227)
                                             Drew Legando (0084209)
                                             LANDSKRONER GRIECO MERRIMAN LLC
                                             1360 West 9th Street, Suite 200
                                             Cleveland, Ohio 44113
                                             T. (216) 522-9000
                                             F. (216) 522-9007
                                             E. jack@lgmlegal.com, drew@lgmlegal.com

                                             *Counsel for Plaintiffs and the Proposed Classes*

## <u>CERTIFICATE OF SERVICE</u>

A copy of this document was served by the Court's ECF system on counsel of record on

this 14th day of September, 2016, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Signed by,

s/ Sarah R. Schalman-Bergen
Sarah R. Schalman-Bergen